UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re <br><br> MAXjet Airways, Inc., <br><br>                         Debtor. | Chapter 11 <br><br> Case No. **07-11912-PJW** |
| Edward T. Gavin, Liquidation Trustee of MAXjet Airways, Inc., <br><br>                         Plaintiff, <br><br> vs. <br><br> Hallmark Aviation Service, L.P., <br><br>                         Defendant. | Adv. No.  **Refer to Summons** |

## COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 502 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Edward T. Gavin, Liquidation Trustee of MAXjet Airways, Inc. (the "Plaintiff"), by its undersigned attorneys, in support of this complaint (the "Complaint") to avoid and recover transfers against Hallmark Aviation Service, L.P. (the "Defendant"), hereby alleges upon information and belief that:

### NATURE OF THE CASE

1.     This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by MAXjet Airways, Inc. (the "Debtor") during the ninety-day (90) period prior to the filing of the Debtor's bankruptcy petition pursuant to 11 U.S.C. §§ 547 and 550.  Subject to proof, the Complaint also seeks to recover  pursuant to 11 U.S.C. §549 any transfers on account of pre-petition debt that cleared post-petition and pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent conveyance.  To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 11 estate, (collectively, the "Claims"), this Complaint is not

intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION

2.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to a case under Title 11, in the United States Bankruptcy Court for the District of Delaware, Case No. 07-11912, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547, 548, 549 and 550. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue is proper in United States Bankruptcy Court for the the District of Delaware pursuant to 28 U.S.C. § 1408.

## BACKGROUND

5.      This bankruptcy case was commenced by the filing on December 24, 2007 (the "Petition Date") of a voluntary petition for relief under Chapter 11 of title 11 of the United States Code by the Debtor. Plaintiff is authorized to commence suit on behalf of the Debtor's chapter 11 estate.

6.      On March 20, 2009, the Bankruptcy Court entered an Order confirming the Debtor's Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code of the Debtor and the Official Committee of Unsecured Creditors for Maxjet Airways Inc., (the "Plan"). Pursuant to the terms of the Plan, the Plaintiff was appointed Liquidating Trustee for the Debtor's estate, and pursuant to Section 5.2 of the Plan, the Plaintiff is authorized to commence suit on behalf of the Debtor's estate. On August 13, 2009, the Plan became effective.

7.      Plaintiff is informed and believes and on that basis alleges that Defendant is a partnership residing in and subject to the laws of the State of California.

## CLAIMS FOR RELIEF

### COUNT 1

**(Avoidance of Preference Transfers - 11 U.S.C. § 547)**

8.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

9.     On or within ninety (90) days before the Petition Date, that is between September 23, 2007 and December 24, 2007 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

10.     Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest of the Debtor's property made by the Debtor to Defendant within the Preference Period.

11.     Plaintiff has determined that the Debtor made transfers to Defendant during the Preference Period in an amount not less than $40,100.38 (the "Transfers"). Attached hereto as "Exhibit A" and incorporated herein by this reference is a list of the Transfers presently known to Plaintiff.

12.     Defendant was a creditor of the the Debtor at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

13.     The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

14.     The Transfers were for, or on account of, antecedent debts owed by the Debtor before the Transfers were made.

15.     The the Debtor was insolvent at all times during the ninety (90) days prior to the Petition Date.

16.     As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and  (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

17.     In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (To Avoid Fraudulent Conveyances  Pursuant to 11 U.S.C. § 548(a)(1)(B))

18.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

19.    To the extent that one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods subsequently received, the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    A.    the Debtor was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

    B.    the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

    C.    the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

20.    The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

### (To Recover Post Petition Transfers Pursuant to 11 U.S.C. § 549)

21.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

22.    To the extent that the  Debtor made a transfer to Defendant on account of obligations that arose before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "Post Petition Transfers") and are avoidable under 11 U.S.C. § 549.

## COUNT IV

### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

23.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

24.    Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post Petition Transfers under 11 U.S.C. § 549. The Transfers, any Potentially Fraudulent Transfers and any Post Petition Transfers are collectively referred to herein as "All Avoided Transfers."

25.     Defendant was the initial transferee of the All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

26.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

**COUNT V**

**(Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))**

27.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

28.     Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

29.     Defendant is a transferee of All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549.

30.     Defendant has not paid the amount of the All Avoided Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

31.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

32.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's estate or Plaintiff previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the All Avoided Transfers.

**<u>RESERVATION OF RIGHTS</u>**

During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint as to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional Transfers, (v) additional causes of

action (i.e., but not exclusively 11 U.S.C. §542, §544, §548 and §549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant, and enter a judgment against Defendant:

A.   That All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549 in the amount of $40,100.38 be avoided;

B.   That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547, 548 and/or 549, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C.   Disallowing, in accordance with 11 U.S.C. § 502 (d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D.   Disallowing, in accordance with 11 U.S.C. § 502 (j), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E.   Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F.   Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G.   Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff;

H.   Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: December 18, 2009

MORRIS JAMES LLP

By

Local Counsel

Jeffrey R. Waxman, Esq., DE SBN 4159
Eric J. Monzo, Esq. DE SBN 5214
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Facsimile: (302) 504-3942

and

Primary Counsel
(Please Contact Primary Counsel)

Joseph L. Steinfeld, Jr., DC SBN 297101,
MN SBN 0266292, VA SBN 18666
Alex Govze, MN SBN 0388626
A·S·K FINANCIAL LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665  ext. 842   Fax: (651) 406-9676
E-Mail: agovze@askfinancial.com

Attorneys For Plaintiff, Edward T. Gavin, Liquidation Trustee
of MAXjet Airways, Inc.